

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

---

No. 08-24-00308-CR

---

Ex Parte David Cayetano-Vasquez

---

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 11472CR

---

## MEMORANDUM OPINION

Appellant, David Cayetano-Vasquez, appeals from the trial court's order denying his pretrial application for writ of habeas corpus. We affirm.

### I. BACKGROUND

Cayetano-Vasquez, a noncitizen, was arrested for and charged with the misdemeanor offense of criminal trespass in Kinney County, Texas in November 2021 as part of Operation Lone Star (OLS), the State's initiative to address the influx of illegal border crossings from Mexico to

Texas.[1] He subsequently filed a pretrial application for writ of habeas corpus in the county court, arguing he was the subject of selective prosecution in violation of his equal protection rights because the State was arresting and prosecuting men, but not women, for alleged trespassing in cases arising out of OLS. The county court denied the application without a hearing and no writ was issued.

Cayetano-Vasquez appealed to the Fourth Court of Appeals. The appeal was transferred to this Court pursuant to a Texas Supreme Court docket equalization order and assigned cause number 08-23-00196-CR.[2] On December 12, 2023, this Court determined that we lacked jurisdiction over the attempted appeal, treated the appeal as a petition for writ of mandamus, and remanded to the trial court for reconsideration of Cayetano-Vasquez's habeas application in light of the issuance of the Fourth Court of Appeals' opinion in *Ex parte Aparicio*, 672 S.W.3d 696 (Tex. App.—San Antonio 2023) (*Aparicio*)[3], a case addressing similar claims that had been decided in the interim.

On remand, the county court granted Cayetano-Vasquez's habeas application and determined that the merits would "be heard by submission of evidence." Both parties submitted evidence to the court. The court then denied Cayetano-Vasquez's request for habeas relief.

Cayetano-Vasquez timely appealed, and the case was again transferred to this Court pursuant to a Texas Supreme Court docket equalization order.[4]

---

[1] *See* Tex. Penal Code Ann. § 30.05(a).

[2] *See* Tex. Gov't Code Ann. §§ 73.001(a), 73.002(a).

[3] The Fourth Court of Appeals' decision in *Aparicio* has since been reversed by the Texas Court of Criminal Appeals. *Ex parte Aparicio*, 672 S.W.3d 696 (Tex. App.—San Antonio 2023), *rev'd*, 707 S.W.3d 189 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, 145 S. Ct. 2852 (2025).

[4] Because the case was transferred from the Fourth Court of Appeals to this Court pursuant to a Texas Supreme Court order, we must decide this case in accordance with the Fourth Court's precedent. *See* Tex. R. App. P. 41.3.

## II. Proceedings on Appeal

Cayetano-Vasquez filed his original brief on August 29, 2024, and the State filed its brief on September 27, 2024. Both briefs cited to and relied on the Fourth Court's decision in *Aparicio*. But that decision was reversed by the Court of Criminal Appeals on October 9, 2024. *Ex parte Aparicio*, 707 S.W.3d 189 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, 145 S. Ct. 2852 (2025) (*Aparicio II*). We therefore provided the parties with an opportunity to re-brief the issues in light of the Court of Criminal Appeals' *Aparicio* decision. Cayetano-Vasquez filed a supplemental brief on March 21, 2025, and the State filed a supplemental brief on March 26, 2025.

## III. Standard of Review

We generally review a trial court's ruling on a pretrial application for writ of habeas corpus under an abuse of discretion standard. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468, 472 (Tex. App.—San Antonio 2020, pet. ref'd). But "when, as here, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. Further, we must uphold the trial court's ruling if it "was supported by the record and was correct under any theory of law applicable to the case[,] . . . even if the trial court gave the wrong reason for its ruling." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (en banc) (citing *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)); *see Ex parte Guerrero*, No. 04-24-00583-CR, 2025 WL 2399174, at *1 (Tex. App.—San Antonio Aug. 19, 2025, no pet.) (mem. op., not designated for publication) (per curiam).

## IV. DISCUSSION

On appeal, Cayetano-Vasquez argues that his selective-prosecution claim is cognizable in a pretrial habeas proceeding, that he established a prima facie case of selective prosecution, that the State failed to justify the discriminatory treatment, and that we should therefore reverse the trial court's order and remand this case to the trial court with instructions to dismiss the underlying proceeding against him. In response, the State contends that a selective-prosecution claim is not cognizable in a pretrial habeas proceeding and that Cayetano-Vasquez failed to establish a prima facie case of selective prosecution.

### A. Cognizability

In *Aparicio II*, the Court of Criminal Appeals held that the appellant's claim of selective arrest and prosecution was cognizable in a pretrial habeas proceeding under the facts of the case. 707 S.W.3d at 202–03. From our review, the facts and arguments in this case are substantively the same as those in *Aparicio*. Accordingly, we conclude that Cayetano-Vasquez's claim is cognizable. *See, e.g.*, *Guerrero*, 2025 WL 2399174, at *1.

### B. Selective Prosecution

"To establish a prima facie case of 'selective prosecution or selective enforcement, the claimant must prove with exceptionally clear evidence that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose.'" *Guerrero*, 2025 WL 2399174, at *1 (quoting *Aparicio II*, 707 S.W.3d at 204). To succeed "under the second prong, the claimant must show 'an intentional or purposeful discrimination in the enforcement of the statute against him.'" *Aparicio II*, 707 S.W.3d at 206 (quoting *Satterwhite v. State*, 726 S.W.2d 81, 84 (Tex. Crim. App. 1986)). Thus, the claimant must "definitively show that an otherwise facially neutral law is being *administered* in bad faith—that it was 'directed so exclusively against a

4

particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id.* at 208 (emphasis in original) (quoting *United States v. Armstrong*, 517 U.S. 456, 464–65 (1996)); *see Guerrero*, 2025 WL 2399174, at *1.

In the context of this case, to establish a prima facie case of selective enforcement or selective prosecution based on his arrest and prosecution for the offense of criminal trespass, Cayetano-Vasquez had "to show that he is being 'invidiously' punished for criminal trespass *because* he is male." *Aparicio II*, 707 S.W.3d at 208 (emphasis in original). Stated differently, Cayetano-Vasqeuz had to "show by 'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id.* at 210 (emphasis in original); *Guerrero*, 2025 WL 2399174, at *1.

"The evidence here is substantively the same as the evidence presented in *Aparicio*."[5] *Guerrero*, 2025 WL 2399174, at *2; *see Aparicio II*, 707 S.W.3d at 194–97. In that case, however, the Court of Criminal Appeals held that the appellant had "failed to meet his burden in demonstrating a *prima facie* case that he [was] arrested and [was being] prosecuted *because* of his

---

[5] We note that Cayetano-Vasquez attempts to differentiate his case from *Aparicio* based on (1) an affidavit of Victor Escalon, the South Texas Regional Director for the Texas Department of Public Safety, which was admitted into evidence in this case by the State, and (2) evidence allegedly showing that a woman was arrested for criminal trespass related to OLS in February 2023. This evidence, however, is substantively similar to the evidence in *Aparicio* and is insufficient to establish a prima facie claim of selective arrest and prosecution based on gender. *See, e.g., Ex parte Sanchez Dubon*, No. 04-24-00584-CR, 2025 WL 2399175, at *1–2 (Tex. App.—San Antonio Aug. 19, 2025, no pet.) (per curiam) (mem. op., not designated for publication) (affirming trial court's order denying habeas relief in case involving identical arguments, as set forth in Appellant's Opening Brief, at 29–38, *Sanchez Dubon*, 2025 WL 2399175 (No. 04-24-00584-CR), https://search.txcourts.gov/Case.aspx?cn=04-24-00584-CR&coa=coa04, brief filed November 14, 2024); *Ex parte Guerrero*, No. 04-24-00583-CR, 2025 WL 2399174, at *1–2 (Tex. App.—San Antonio Aug. 19, 2025, no pet.) (mem. op., not designated for publication) )(per curiam) (affirming trial court's order denying habeas relief in case involving identical arguments, as set forth in Appellant's Opening Brief, at 29–38, *Guerrero*, 2025 WL 2399174 (No. 04-24-00583-CR), https://search.txcourts.gov/Case.aspx?cn=04-24-00583-CR&coa=coa04, brief filed November 18, 2024); *Ex parte Lopez*, No. 05-24-00082-CR, 2025 WL 2880829, at *2–4 (Tex. App.—Dallas Oct. 9, 2025, no pet. h.) (mem. op., not designated for publication); *Ex parte Vallesteros*, No. 06-24-00040-CR, 2024 WL 5161900, at *1 (Tex. App.—Texarkana Dec. 19, 2024, pet. ref'd) (mem. op., not designated for publication) (determining that evidence, as set forth in *Ex parte Vallesteros*, No. 06-24-00040-CR, 2024 WL 1632070, at *2 (Tex. App.—Texarkana April 16, 2024) (mem. op., not designated for publication), *judgment vacated by Ex parte Campos*, Nos. PD-0434-24 & PD-0435-24, 2024 WL 5074600 (Tex. Crim. App. Dec. 11, 2024), was insufficient to establish a prima facie case of selective arrest and prosecution); *cf.* Tex. R. App. P. 41.3 (requiring, in cases transferred from one appellate court to another, transferee appellate court to apply precedent from transferor appellate court).

gender." *Aparicio II*, 707 S.W.3d at 210 (emphasis in original). We therefore conclude, based on our review of the entire record and after considering the parties' arguments, that Cayetano-Vasquez failed to prove, and the evidence is insufficient to show, that the State of Texas' policy was motivated by a discriminatory purpose. *See Guerrero*, 2025 WL 2399174, at *2 (citing *Aparicio II*, 707 S.W.3d at 204).

We further conclude that, because Cayetano-Vasquez failed to establish the second prong of his selective prosecution claim, he failed to establish a prima facie case of selective prosecution or selective enforcement, and the trial court did not err in denying his pretrial application for writ of habeas corpus.

## V. CONCLUSION

We affirm the trial court's order denying Cayetano-Vasquez's pretrial application for writ of habeas corpus.

GINA M. PALAFOX, Justice

November 20, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)